UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| **ELIJAH HOLMES** | **CASE NO. 6:22-CV-05633** |
| **VERSUS** | **JUDGE JAMES D. CAIN, JR.** |
| **SECURITY PLAN FIRE INSURANCE CO** | **MAGISTRATE JUDGE LEBLANC** |

## MEMORANDUM RULING

Before the court is a Motion to Dismiss [doc. 21] filed pursuant to Federal Rule of Civil Procedure 12(b)(1) by defendant Security Fire Plan Insurance Company ("Security"). The motion is unopposed. Doc. 23.

### I.
### BACKGROUND

This suit arises from damage to plaintiff's home in Hurricane Delta, which made landfall in Southwest Louisiana on October 9, 2020. Plaintiff, who was then represented by attorneys from McClenny Moseley & Associates, PLLC ("MMA"), filed suit in this court on October 7, 2022, raising claims of breach of insurance contract and bad faith against Security under Louisiana law and invoking the court's diversity jurisdiction under 28 U.S.C. § 1332. The court stayed all suits filed by MMA in October 2022, after concerns of misconduct by those attorneys began to arise. Doc. 7.

On August 5, 2023, the court granted plaintiff's motion to substitute new counsel and the stay in this matter was lifted. Doc. 16. Defendant now moves to dismiss the suit for lack of subject matter jurisdiction, arguing that there is no basis for diversity jurisdiction

because plaintiff is a Louisiana resident and Security is organized under the laws of the state of Louisiana. Plaintiff has filed a notice of no opposition. Doc. 23.

## II.
## LAW & APPLICATION

### A. Legal Standard

A motion under Rule 12(b)(1) attacks the court's jurisdiction to hear and decide the case. FED. R. CIV. P. 12(b)(1). The burden lies with the party seeking to invoke the court's jurisdiction. *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001). Lack of subject matter jurisdiction may be found based on: (1) the complaint alone; (2) the complaint supplemented by undisputed facts in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts. *Id.* On a facial attack to subject matter jurisdiction, which is based on the sufficiency of the complaint, court accepts all well-pleaded allegations in the complaint as true and construes those allegations in a light most favorable to the plaintiff. *Garcia v. Copenhaver, Bell & Associates, M.D.'s, P.A.*, 104 F.3d 1256, 1260–61 (11th Cir. 1997); *Pike v. Office of Alcohol and Tobacco Control of the La. Dep't of Rev.*, 157 F.Supp.3d 523, 533 (M.D. La. 2015).

### B. Application

"Federal courts are courts of limited jurisdiction," possessing "only that power authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377, 114 S.Ct. 1673, 1675 (1994). Subject matter jurisdiction must be proper under either 28 U.S.C. § 1331 or § 1332. The burden of proving jurisdictional facts rests on the plaintiff. *Anderson v. Stoffle*, 339 F.2d 214, 214 (5th Cir. 1964).

There is no basis for jurisdiction under 28 U.S.C. § 1331 here, as plaintiff raises only state law claims. As for 28 U.S.C. § 1332, plaintiff must show complete diversity of citizenship and an amount in controversy greater than $75,000.00. Complete diversity "requires that all persons on one side of the controversy be citizens of different states than all persons on the other side." *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1079 (5th Cir. 2008) (internal quotations omitted). For purposes of diversity jurisdiction, an individual is a citizen of the state where he is domiciled. *Preston v. Tenet Healthsystem Mem'l Med. Ctr., Inc.*, 485 F.3d 793, 797 (5th Cir. 2007). Meanwhile, a corporation is a citizen of "every State . . . by which it has been incorporated and of the State . . . where it has its principal place of business[.]" 28 U.S.C. § 1332(c)(1). The existence of diversity jurisdiction is determined at the time the complaint was filed. *Sun Packing, Inc. v. XenaCare Holdings, Inc.*, 924 F.Supp.2d 749, 752 (S.D. Tex. 2012) (citing *Grupo Dataflux v. Atlas Global Group, L.P.*, 541 U.S. 567, 571 (2004)).

Plaintiff admits in the complaint that he is domiciled in Louisiana. Doc. 1. Meanwhile, Security presents evidence showing that it was originally incorporated as "LLPC, Inc." under Louisiana law and that its name has since been changed, effective August 2000, to Security Plan Fire Insurance Company. Doc. 21, atts. 2–4. From these documents, as plaintiff admits, it appears Security was incorporated under Louisiana law and thus counted as a Louisiana citizen at the time suit was filed. Accordingly, there is no diversity of citizenship.

## III.
### CONCLUSION

For the reasons stated above, the Motion to Dismiss [doc. 21] will be **GRANTED** and all claims in this matter will be **DISMISSED WITHOUT PREJUDICE.**

**THUS DONE AND SIGNED** in Chambers on the 19th day of January, 2024.

*[signature]*
JAMES D. CAIN, JR.
UNITED STATES DISTRICT JUDGE